The **TRAVELERS INDEMNITY COMPANY, Plaintiff,**

**v.**

**S/S ALCA, her engines, boilers, tackle, etc., Maritima Astor S.A., Sociedad de Gestion de Buques S.A., D.B. Deniz Nakliyati T.A.S., (Turkish Cargo Lines) Zueste & Bachmeier A.G., Zust Bachmeier of Switzerland Inc., Defendants.**

No. 87 Civ. 2041 (JMW).

United States District Court, S.D. New York.

June 12, 1989.

---

Harold M. Kingsley, New York City, for plaintiff.

Pavia & Harcourt, New York City, for defendants Zuests & Bachmeier, A.G. and Zust Bachmeier of Switzerland, Inc.

Michael E. Schoeman, Meryl S. Justin, Schoman, Marsh, Updike & West, New York City, for defendant D.B. Deniz Nakliyati, T.A.S., The Turkish Cargo Lines.

Thomas H. Healey, New York City, for M/V Alca, Maritima Astor S.A., and Sociedad de Gestion de Buques S.A.

## MEMORANDUM AND ORDER

WALKER, District Judge:

Plaintiff Travelers Indemnity Company has moved for reargument and reversal of this Court's order of April 7, 1989, 710 F.Supp. 497 (1989), that granted defendant's motion to dismiss on the grounds of forum non conveniens. Plaintiff first contends that the Court erred in stating that "all defendants have consented to jurisdiction in Turkey".[1] Secondly, plaintiff asserts that recommencement of this action could be barred by the Turkish statute of limitations. As a result, plaintiff maintains that Turkey is not a viable alternative forum. For the reasons stated below, plaintiff's motion to reargue is denied.

### Background

This case originally stems from a negligence and breach of contract action by plaintiff against defendants for damage done to a cargo of corn oil, while being shipped from New Orleans to Mersin, Turkey, aboard the M/V Alca. Plaintiff is a Connecticut based company and its insureds, Al Haddad Enterprise Inc. and Telmar International Inc., are incorporated in Tennessee. The M/V Alca is a Spanish registered carrier owned by Maritima Astur S.A. and Sociedad de Gestion de Buques, S.A. ("M/V Alca defendants"). Defendant D.B. Nakliyati T.A.S. ("Turkish Cargo Lines") is a Turkish company with offices in Istanbul, Turkey. Defendant Zueste & Bachmeier A.G. ("Zueste") is a Swiss corporation and Zust Bachmeier of Switzerland Inc. ("Zust Inc.") is its New York affiliate.

In late November, 1986, defendant Turkish Cargo Lines received the cargo of corn oil in Mersin, Turkey in damaged condition. While in Mersin, a Turkish consignee, Sengeller Forwarding and Trading Co., Inc. ("Sengeller"), took possession of the goods to investigate damages and report on losses. Other Turkish maritime surveyors assisted in this project and prepared two reports that detailed damages to the cargo. Moreover, in an effort to resolve a dispute between Sengeller, another Turkish consignee, and Turkish Cargo Lines, these reports were submitted to two Turkish judicial tribunals—the Commercial Court of First Instance and the Magistrate's Court. Plaintiff, in addition, asserts that defen-

---

**1.** *The Travelers Indemnity Co. v. S/S Alca, et al.,* 710 F.Supp. 497, 502 (S.D.N.Y. 1989) ("April 7 Order").

dants Zueste and Zust, Inc. were hired to repack the cargo in Turkey and then ship it to Iraq. Zueste and Zust, Inc., however contend that it was actually Sengeller's responsibility to ship the goods to Iraq.

This Court previously granted defendant's motion to dismiss the action on the grounds of forum non conveniens because the balance of convenience in weighing both public and private interests favored an alternative forum.[2] In sum, the Court found that the critical mass of evidence, witnesses, and interests are in Turkey. Moreover, the Court reasoned that since Turkish law would govern this dispute, at least in part, Turkey would serve as the most appropriate forum. In contrast, the Court determined that New York has little interest in deciding this controversy. Plaintiff now moves to reargue.

### Discussion

Plaintiff relies on two arguments in support of its motion to reargue. First, plaintiff contends that the M/V Alca defendants have not consented to jurisdiction in Turkey and thus, all defendants are not amendable to process there. Second, plaintiff states that the M/V Alca defendants could raise the statute of limitations as a bar to recommencement of this action in Turkey. Both arguments are without merit.

■ This Court properly found that all defendants are amendable to process in Turkey. Defendants Turkish Cargo Lines, Zueste, and Zust Inc. have indisputedly consented to jurisdiction in Turkey. Plaintiff argues, however, that the M/V Alca defendants have not consented to jurisdiction and thus Turkey cannot be a viable alternative forum. Yet, the M/V Alca defendants have consented to jurisdiction by virtue of a letter dated January 23, 1987 from the M/V Alca owners' P & I Club to Turkish Cargo Lines regarding damages to the cargo. That letter states:

In consideration, and upon condition that, you refrain from arresting or otherwise detaining the "ALCA" or any ship or property in the same or associated ownership or management in connection with your claim against the owners of the "ALCA" relating to the above [cargoes of corn oil] we, the Britannia Steam Ship Insurance Association Limited, hereby undertake to pay to you such sum as may be ... found and adjudged to be due to you from the owners of the "ALCA" by a court of competent jurisdiction, or by a *competent Turkish court.* (*emphasis added*).[3]

This letter serves as a consent to jurisdiction in Turkey by the M/V Alca defendants to an action involving the damage to the cargo of corn oil. In fact, the Turkish Courts have already begun proceedings concerning this controversy, and this Court has been informed that the M/V Alca defendants are parties to that action. Consequently, there can be no dispute as to these defendants' consent to jurisdiction in Turkey.

This Court also properly found that there are no procedural bars to recommencement of this action in Turkey. Article 137 of the Turkish Obligations Code provides that the plaintiff will have an additional two months to initiate this action in Turkey upon a forum non conveniens dismissal. In addition, since the M/V Alca defendants have already consented to jurisdiction and are parties to an action there, plaintiff will not be barred by the statute of limitations. As a result, Turkey is clearly a viable alternative forum.

The requirement that an alternative forum must be available has its origin in dicta in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947), where the United States Supreme Court stated that "[i]n all cases in which the doctrine of forum non conveniens comes into play, it presupposes at least two forums in which the defendant is amendable to process; the doctrine furnishes criteria for choice between them." However, the forum non conveniens doctrine also leaves much to the discretion of the district

---

**2.** April 7 Order, at 502.

**3.** Biilican Aff., Exh. F.

court. *Id.* at 508, 67 S.Ct. at 843. Indeed, the great advantage of the doctrine of forum non conveniens is its flexibility based on the facts and circumstances of each case. *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 250, 102 S.Ct. 252, 263, 70 L.Ed.2d 419 (1981). If central emphasis were placed on any one factor, the doctrine would lose much of the very flexibility that makes it so valuable. *Id.*

 Consequently, the availability of another suitable forum is just one of the important factors to be considered in ruling on a motion to dismiss. There is no absolute prerequisite that an alternative forum be available before dismissal is warranted. *See, e.g., Islamic Republic of Iran v. Pahlavi*, 62 N.Y.2d 474, 481, 478 N.Y.S.2d 597, 601, 467 N.E.2d 245 (absence of alternative forum not decisive in New York); *See also*, Blair, *Doctrine of Forum Non Conveniens In Anglo–American Law*, 29 Col L.Rev. I, 33–34.

The forum non conveniens doctrine rests upon justice, fairness, and convenience. *Koster v. Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067. This Court, in weighing these factors properly found Turkey to be the most adequate forum in this action not only because Turkish Courts are best equipped to resolve the dispute, but also because New York has little interest in the controversy. The Court in determining the balance of public and private interests, as required by *Gilbert*, considered possible alternative forums. While the Court considered Turkey to be the most appropriate forum, it did not limit plaintiff to that choice. In fact, this Court suggested that there were other forums in the United States that could also serve as more appropriate forums than New York.[4] Notably, plaintiff did not choose New Orleans where the alleged negligent loading of the corn oil took place.

Since jurisdiction and venue requirements are often easily satisfied, plaintiffs can and often do select the forum whose choice-of-law is most advantageous. *Piper Aircraft*, 454 U.S. at 250, 102 S.Ct. at 263.

4. April 7 Order, at 499.

The burden of demonstrating that no alternative forums are available thus falls upon plaintiffs. Plaintiff in this case has simply failed to fulfill that burden.

### Conclusion

After a careful balancing of all relevant factors, and upon finding that alternative forums exist for the plaintiff, plaintiff's motion to reargue is denied.

SO ORDERED.